**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 21-4404**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TERRANCE ANTHONY MOORE,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:19-cr-00164-BO-1)

─────────────

Submitted:  May 1, 2023                                    Decided:  June 20, 2023

─────────────

Before DIAZ and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

**ON BRIEF:**  Mitchell G. Styers, BANZET, THOMAS, STYERS & MAY, PLLC, Warrenton, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Terrance Anthony Moore of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  On appeal, Moore argues that the district court failed to adequately ensure that he was competent to waive his right to counsel and in allowing him to represent himself at trial.  We affirm.

The Sixth Amendment guarantees not only the right to be represented by counsel but also the right to self-representation.  *Faretta v. California*, 422 U.S. 806, 819 (1975).  The record must demonstrate that the defendant's decision to represent himself was clear, knowing, and intelligent.  *United States v. Ziegler*, 1 F.4th 219, 226 (4th Cir. 2021).  "To waive counsel, a defendant must also be mentally competent."  *Id.*  "[A] defendant is competent to waive his right to counsel when he (1) has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, and (2) he has a rational as well as factual understanding of the proceedings against him."  *Id.* at 227 (internal quotation marks omitted).

"The determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." *Id.* (internal quotation marks omitted).  The district court must make the defendant "'aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open.'"  *United States v. Bush*, 404 F.3d 263, 270 (4th Cir. 2005) (quoting *Faretta*, 422 U.S. at 835).  We do not, however,

2

require "[a] precise procedure or litany for this evaluation." *United States v. Singleton*, 107 F.3d 1091, 1097 (4th Cir. 1997).[*]

Beginning with Moore's argument that the district court failed to adequately ensure that he was competent to represent himself at trial, "[w]e review the district court's competency determination for clear error." *United States v. Roof*, 10 F.4th 314, 341 n.8 (4th Cir. 2021) (internal quotation marks omitted), *cert. denied*, 143 S. Ct. 303 (2022). We reverse for clear error only "if our review of the entire record leaves us with the definite and firm conviction that a mistake has been committed." *United States v. Nunez-Garcia*, 31 F.4th 861, 865 (4th Cir. 2022) (internal quotation marks omitted).

Here, Moore expressed his desire to waive counsel and proceed pro se at trial, and the district court granted his request. The court had previously ordered Moore to undergo a competency evaluation, which concluded that Moore was not suffering from a mental disease that would impact his capacity to work with his attorney or understand the nature and consequences of the criminal proceedings and that Moore was competent to stand trial. At a later arraignment, Moore stipulated that he was competent.

Moore acknowledges in this appeal that the evaluation found him competent to stand trial, but he contends that it offered no opinion as to whether he was competent to

---

[*] The parties disagree about the standard of review applicable to Moore's waiver of his right to counsel. However, because Moore's arguments fail under both plain error and de novo review, we decline to reach the issue here. *See, e.g.*, *United States v. Stanley*, 739 F.3d 633, 645 (11th Cir. 2014) (declining to determine standard of review when defendant's challenge to the validity of his waiver of right to counsel fails under both plain error and de novo review).

3

represent himself at trial. Moore argues that *Indiana v. Edwards*, 554 U.S. 164 (2008), supports his assertion that the district court should have ordered an additional psychiatric or psychological examination to determine whether he was competent to conduct trial proceedings. To be sure, the Supreme Court in *Edwards* recognized that a different or higher standard might be appropriate when considering a defendant's competency to conduct trial proceedings versus his competency to merely stand trial. 554 U.S. at 172-77. However, we have expressly rejected a conclusion that *Edwards* created any rule compelling trial courts to deny self-representation in certain situations. *United States v. Bernard*, 708 F.3d 583, 590 (4th Cir. 2013) (noting that rule from *Edwards* is "permissive" and does not create any "pronouncement of a requirement"); *see Edwards*, 554 U.S. at 178 ("[T]he Constitution *permits* States to insist upon representation by counsel for those competent enough to stand trial . . . but who still suffer from severe mental illness to the point where they are not competent to conduct trial proceedings by themselves." (emphasis added)). Instead, under *Edwards*, a district court's finding that a defendant was competent to stand trial neither compels nor bars the court from finding him competent to represent himself at trial. *Bernard*, 708 F.3d at 590 ("[A] court may constitutionally permit a defendant to represent himself so long as he is competent to stand trial.").

When determining whether to permit Moore to waive counsel and represent himself at trial, the district court noted that the competency evaluation had concluded that Moore was competent to stand trial, and the court then confirmed those findings with Moore. This was sufficient for the district court to find Moore competent to waive his right to counsel and represent himself at trial. *See United States v. Turner*, 644 F.3d 713, 724 (8th Cir.

4

2011) (noting that *Edwards* "does not mandate two separate competency findings for every defendant who seeks to proceed pro se"). In any event, the record also confirms that Moore appropriately responded to the district court's concerns about his self-representation and that he understood the nature of the proceedings, further supporting the court's finding that Moore was competent to proceed pro se. *See Singleton*, 107 F.3d at 1098 (observing that defendant's colloquy with district court about proceeding pro se at trial demonstrated defendant knowingly and competently waived his right to counsel). Therefore, the district court did not err in finding Moore competent to waive his right to counsel.

Furthermore, our examination of the record confirms that Moore's decision to waive his right to counsel and proceed pro se was clear, knowing, and intelligent. The district court advised Moore of the limitations he might face if he proceeded pro se, including that he would not be allowed to leave the defense table in the courtroom or interrupt witnesses and that it may be difficult for him to testify without the assistance of counsel. Nonetheless, Moore repeatedly stressed his desire to proceed pro se, rejecting the various opportunities provided by the district court for him to reconsider his decision.

Finally, Moore contends that his ineffectual self-representation at trial was evidence of the fact that he was not competent to represent himself. However, "the competence that is required of a defendant seeking to waive his right to counsel is the competence to *waive the right*, not the competence to represent himself." *Godinez v. Moran*, 509 U.S. 389, 399 (1993); *see Ziegler*, 1 F.4th at 227 ("All that is required is the competence to waive the right to counsel—not the competence to effectively represent oneself."). Indeed, "while it is undeniable that in most criminal prosecutions defendants could better defend with

5

counsel's guidance than by their own unskilled efforts, a criminal defendant's ability to represent himself has no bearing upon his competence to choose self-representation." *Godinez*, 509 U.S. at 400 (cleaned up).

Accordingly, we affirm the criminal judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*